## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| SMART MOBILE TECHNOLOGIES LLC, | |
| Plaintiff, | Case No. 6:21-cv-00603-ADA |
| v. | **<u>Jury Trial Demanded</u>** |
| APPLE INC., | |
| Defendant. | |

## DEFENDANT APPLE INC.'S UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON APPLE'S MOTION TO TRANSFER

## I.      INTRODUCTION

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, Apple respectfully requests leave to supplement the record on its motion to transfer venue (Dkt. No. 29) ("Transfer Motion") to include: (1) declarations (Exs. 1-6) from the Apple employees that Mark Rollins identified in his declaration in support of Apple's Transfer Motion (Dkt. 29-1, "Rollins Declaration"), and (2) declarations from the Apple engineers responsible for the Wi-Fi Assist, FaceTime, and Wi-Fi Calling features, which Plaintiff Smart Mobile Technologies, LLC ("Smart Mobile") directly accused for the first time during venue discovery (Exs. 7-9). Each of these declarations is from an Apple witness that Apple has already identified in its Transfer Motion, the Rollins Declaration, or its verified responses to Smart Mobile's venue interrogatories (served on May 31, 2022), except for one employee, Jeff Lasker, who is replacing a previously identified licensing witness who is no longer an Apple employee.

Apple seeks leave to submit these declarations to address the Court's guidance and criticisms of Mark Rollins's similar declaration testimony in its Order granting Apple's motion to transfer in *Scramoge Technology Ltd. v. Apple Inc.*, No. 6:21-cv-00579, ECF No. 82 (May 25,

2022, W.D. Tex.) ("*Scramoge*").  Apple respectfully submits that there is good cause for this

supplementation because (1) the Court's Order in *Scramoge* issued after Apple filed its Transfer

Motion in this case, and Apple believes that, in light of the criticisms there, the Court would

benefit from hearing directly from the Apple employees identified in the Rollins Declaration and

in Apple's venue interrogatory responses; (2) the information that these witnesses provide is

important to the venue analysis; (3) Smart Mobile will not be unfairly prejudiced because (a)

Apple already identified these witnesses in its Transfer Motion, Rollins Declaration, and venue

interrogatory responses, (b) these witnesses' declarations are consistent with the information

already provided in the corresponding paragraphs of the Rollins Declaration and Apple's venue

interrogatory responses, and (c) Apple recently provided these declarations to Smart Mobile,

thereby affording Smart Mobile time to depose any one or more of these individuals before its

responsive venue brief is due, if Smart Mobile chooses to do so; and (4) a continuance is not

necessary in light of the current case schedule, but is available to cure any potential prejudice to

Smart Mobile.  The parties have also met and conferred regarding this motion and Smart Mobile

does not oppose the relief sought herein.

    In accordance with the Western District of Texas Local Rules, Apple has attached the

declarations it seeks to supplement as exhibits to this motion.  W.D. Tex. Civ. R. 7(d).

## II.    BACKGROUND

    On February 11, 2022, Apple moved to transfer this case to the Northern District of

California under 28 U.S.C. § 1404(a).  In its Transfer Motion, Apple relied on the Rollins

Declaration to establish certain facts, such as the relevance, role, and locations of witnesses and

their teams, and the relevance and locations of various categories of documents and other

evidence.  Since then, the parties have propounded written venue discovery requests, which,

pursuant to the Court's OGP, extended the date for Smart Mobile's response to the Transfer

Motion.  Since that discovery was served, the parties have been engaging in venue-related discovery.  The venue discovery cutoff was originally May 11, 2022, but the parties agreed to extend that date to resolve various venue-related discovery disputes and conduct depositions. Apple anticipates that venue discovery will be completed by the end of this month.

## III.   THERE IS GOOD CAUSE TO GRANT LEAVE TO SUPPLEMENT

Good cause is required to supplement a motion record.  *See* Fed. R. Civ. P. 16(b)(4); *Al-Khawaldeh v. Tackett*, No. 1:20-cv-01079-RP, 2021 WL 2322930, at *1 (W.D. Tex. June 7, 2021) (holding that Rule 16(b)(4) governed request to supplement evidence in opposition to summary judgement motion, and granting leave to supplement) (citing *Shepherd ex rel. Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (applying good cause standard to motion to supplement briefing)).  Good cause is evaluated based on the assessment of four factors: (1) the explanation for the failure to timely offer the evidence; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence into the record; and (4) the availability of a continuance to cure such prejudice.  *See EEOC v. Service Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012) (applying factors to proposed pleading amendment).  For the reasons set forth below, all four factors support that good cause exists to permit the requested supplementation.

### A.   Apple's Explanation for the Timing of the Requested Relief Supports Good Cause for the Requested Supplementation

Apple timely filed its Transfer Motion on February 11, 2022, relying upon the accompanying Rollins Declaration to establish certain facts concerning the roles, activities, and locations of relevant witnesses and their teams, and the locations of relevant documents. Approximately three months later, this Court issued its Order in *Scramoge* that criticized the testimony of Mr. Rollins—as set forth in a declaration structured similarly to the Rollins

Declaration here—and that provided additional guidance about declaration testimony that would assist the Court in determining motions to transfer venue.

After receiving the *Scramoge* Order, Apple acted promptly to obtain and seek leave to submit declarations from the Apple employees that Mr. Rollins identified in the Rollins Declaration—with each testifying to information similar in scope to that which Mr. Rollins set forth in his declaration.  In particular, Apple promptly evaluated the effect and impact of the *Scramoge* Order on the present Transfer Motion and Rollins Declaration to determine whether supplementation here could aid the Court's review; scheduled time with each of the witnesses submitting supplemental declarations to prepare, review, and finalize their declarations; contacted opposing counsel to meet and confer on the present motion; and diligently prepared and filed the present motion.  Smart Mobile has long been aware of the identity of the declarants, and they continue to be available for deposition.  Apple is also willing to accommodate a further extension to Smart Mobile's deadline to oppose Apple's Transfer Motion.  Indeed, Smart Mobile appears to agree that good cause exists, since it does not oppose this motion.

**B.     The Importance of the Evidence Supports Good Cause for the Requested Supplementation**

To prevail on its motion to transfer, Apple bears the burden to establish that the Northern District of California is the clearly more convenient venue.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312-15 (5th Cir. 2008) ("*Volkswagen II*").  The convenience of willing witnesses is the most important factor in the transfer analysis.  *See In re Apple Inc.*, No. 22-128, 2022 WL 1196768, at *2 (Apr. 22, 2022).  However, now that Apple is on notice that the Court will credit "Mr. Rollins's declaration only for its unrebutted statements" (*Scramoge* Order at 3), Apple risks being left without key evidence about the identity of the likely Apple witnesses that Mr. Rollins identified in his declaration.  Without leave, the risk to Apple is extreme given (1) it has the

burden to establish that the Northern District of California is the clearly more convenient venue, and (2) the facts concerning the convenience of key willing witnesses is the most important factor in that analysis.  For these reasons, the importance of the requested supplementation supports a finding of good cause.

C.      **Smart Mobile Will Not Be Prejudiced by the Requested Supplementation**

For several independent reasons, Smart Mobile will not be prejudiced by the requested supplementation.

First, most of the declarations are primarily from witnesses that are already identified in the Rollins Declaration and relied on in Apple's Transfer Motion.  The only exceptions are (1) a new licensing witness, Jeff Lasker, who works in the same office in the Northern District of California as the previously identified licensing witness, Jayna Whitt, who is no longer employed at Apple, and (2) Apple engineers responsible for accused features that Smart Mobile directly accused for the first time during venue discovery, after Apple's transfer motion was filed.  As to the latter, Apple timely identified these engineers in its verified responses to Smart Mobile's venue interrogatories served on May 31, 2022.

Second, the information in the supplemental declarations is consistent with the information already provided in the Rollins Declaration.  In that respect, these declarations do not provide new evidence, but instead confirm the evidence that has already been submitted. The new information in the supplemental declarations explains only the basis for and limits of the witnesses' personal knowledge of the matters addressed in their declarations. (*Compare* Rollins Declaration, *with* Exs. 1-6 (witness declarations)).

Third, because Smart Mobile has not yet responded to Apple's Transfer Motion, Smart Mobile has time and opportunity to address these supplemental declarations.  Nevertheless, Apple will not oppose a reasonable further extension of the venue discovery deadline to allow

5

Smart Mobile to depose these individuals, if Smart Mobile chooses to do so, within the venue discovery deposition limits.  Apple has offered to make each of the declarants available for deposition and to accommodate an extension to Smart Mobile's deadline to oppose Apple's Transfer Motion.

 In summary, the additional declarations from witnesses already known to Smart Mobile will not unduly prejudice Smart Mobile.  Smart Mobile appears to agree, since it does not oppose this motion.  The additional declarations will also allow the Court to have a complete factual record when ruling on Apple's transfer motion.

### D.     A Continuance Is Unnecessary Given the Current Procedural Posture

Smart Mobile's response to Apple's motion to transfer is not due until after the completion of venue discovery, which is still in progress, and both deadlines can be extended at Smart Mobile's request.  Smart Mobile just recently filed an unopposed motion to extend the case schedule, which was granted on June 30.  Under that schedule, Apple does not anticipate the instant motion would impact any future deadlines.  But should Smart Mobile request a reasonable continuance, Apple would not oppose.  Moreover, a continuance would not affect the overall trajectory of this case.  There is no reason that the parties could not proceed with fact discovery starting on October 6, 2022, as currently scheduled, even if a modest continuance of other case dates were granted.

## IV.    CONCLUSION

For the reasons set forth above, Apple respectfully requests leave to submit the supplemental declarations attached as Exhibits 1-9 to this motion in further support of Apple's pending motion to transfer.

6

Dated:  July 22, 2022                    Respectfully submitted,

                                         */s/ Michael D. Jay*
                                         John M. Guaragna
                                         Texas Bar No 24043308
                                         DLA PIPER LLP (US)
                                         401 Congress Avenue, Suite 2500
                                         Austin, TX  78701-3799
                                         Tel: 512.457.7125
                                         Fax: 512.457.7001
                                         john.guaragna@us.dlapiper.com

                                         Mark D. Fowler (*pro hac vice*)
                                         DLA PIPER LLP (US)
                                         2000 University Avenue
                                         East Palo Alto, California 94303-2250
                                         Tel: 650.833.2000
                                         Fax: 650.833.2001
                                         mark.fowler@us.dlapiper.com

                                         Tiffany C. Miller (*pro hac vice*)
                                         DLA PIPER LLP (US)
                                         401 B Street, Suite 1700
                                         San Diego, CA  92101-4297
                                         Tel:  619.699.2700
                                         Fax:  619.699.2701
                                         tiffany.miller@us.dlapiper.com

                                         Michael D. Jay (*pro hac vice*)
                                         Nandan R. Padmanabhan (*pro hac vice*)
                                         Martin M. Ellison (*pro hac vice*)
                                         DLA PIPER LLP (US)
                                         2000 Avenue of the Stars
                                         Suite 400 North Tower
                                         Los Angeles, CA  90067
                                         Tel:  310.595.3000
                                         Fax:  310.595.3300
                                         michael.jay@us.dlapiper.com
                                         nandan.padmanabhan@us.dlapiper.com
                                         martin.ellison@us.dlapiper.com

                                         Joel Chao-lee Lin (*pro hac vice*)
                                         DLA PIPER LLP (US)
                                         1251 Avenue of the Americas, 27th Floor
                                         New York, NY 10020-1104
                                         Tel:  212.335.4500
                                         Fax:  212.335.4501
                                         joel.lin@us.dlapiper.com

                                         ATTORNEYS FOR DEFENDANT
                                         APPLE INC.

WEST/299082563

**<u>CERTIFICATE OF CONFERENCE</u>**

Pursuant to Local Rule CV-7(i), counsel for Apple has conferred with counsel for Smart Mobile in a good-faith effort to resolve the matter presented herein.  Counsel for Smart Mobile does not oppose the instant Motion.

*/s/ Michael D. Jay*
Michael D. Jay

**<u>CERTIFICATE OF SERVICE</u>**

I certify that the foregoing document was filed electronically on July 22, 2021, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service via electronic mail.  Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Michael D. Jay*
Michael D. Jay