**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| SMART MOBILE TECHNOLOGIES LLC, | |
| Plaintiff, | Case No. 6:21-cv-00603-ADA |
| v. | **JURY TRIAL DEMANDED** |
| APPLE INC. | |
| Defendant. | |

**APPLE INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**
**PURSUANT TO 28 U.S.C. § 1404(a)**

I.    **INTRODUCTION**

Smart Mobile provides no evidence that the center of gravity of this case is anywhere but NDCA. That is where Apple developed the accused functionalities and where the overwhelming majority of relevant witnesses are located. There are at least 12 such Apple witnesses in NDCA and few in this District. Smart Mobile attempts to undercut the substantial evidence favoring transfer by pointing to a former Intel employee in this District and the two sole members of Smart Mobile (who are also the inventors of the asserted patents). The former Intel employee, however, at best has knowledge relating to 1 of 6 accused functionalities that is in only 4 of 60 accused products. And although the two members of Smart Mobile currently reside in Austin, they moved there from NDCA right before Smart Mobile filed its Complaint and still frequently return to NDCA. Since every key factor favors transfer, Apple's motion should be granted.

II.   **THE PRIVATE INTEREST FACTORS FAVOR TRANSFER TO NDCA.**

    A.    **The sources of proof are in California, not Texas.**

Smart Mobile does not credibly dispute that the overwhelming majority of the sources of proof in this case are in NDCA. It nonetheless argues that this factor is neutral because Apple's working files and business records are "stored electronically and [thus] accessible in WDTX" and because Smart Mobile's documents are in Texas. Opp. at 2-4. Smart Mobile is wrong.

First, Smart Mobile's reliance on *Planned Parenthood* and *General Motors Co.* is misplaced. Although the Fifth Circuit in *Planned Parenthood* stated that this factor bears more strongly on transfer when the evidence is physical in nature, it did not hold that this factor is not still significant when the evidence is predominantly electronic. *In re Planned Parenthood Fed. Of Am. Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). And in *General Motors*, the Federal Circuit provided no analysis of this factor. 2023 WL 355108, *1-2 (Fed. Cir. Jan. 23, 2023). In contrast,

Apple cited in its motion numerous cases that all make clear that under this factor "the Court will look to the location where the allegedly infringing products were researched, designed, developed and tested," and that "this factor…does not concern the locations from which such documents are accessible." *See* Mot. at 8. Smart Mobile does not address these cases.

Second, even if accessibility of documents were relevant (it is not), Apple's source code—which holds key information regarding the operation of the accused functionalities—was generated in NDCA and, for security reasons, is examined primarily in NDCA. Rollins Decl., ¶ 9. Apple's other technical and non-technical documents for the accused products were likewise generated in NDCA and are stored on local computers and/or servers around NDCA. *See id.*, ¶¶ 20, 24. While accessible in other locations, access to these documents is limited to Apple employees with proper credentials. *See* Huang Ex. 1 at 62:11-22.

Third, that Smart Mobile's documents are currently stored in WDTX cannot outweigh the substantial sources of proof, and the relevant document custodians, in NDCA. Smart Mobile's sources of proof were not created in WDTX—rather, they were created in NDCA, where the original assignee IP Holdings, Inc. was located (*see, e.g.* Huang Decl. Ex. 2 at 47:23-49:2)—and the nature and volume of these documents cannot outweigh the sources of proof from Apple in NDCA, where the allegedly infringing products were researched, designed, developed and tested. This factor weighs strongly in favor of transfer. *See* Mot. at 8; *see also Honeywell Int'l Inc. v. Zebra Techs. Corp.*, 2022 WL 2161058, at *8 (W.D. Tex. June 15, 2022).

**B.      Key third parties are subject to compulsory process in NDCA.**

The majority of third-party witnesses—indeed, all but one—are likely subject to compulsory process in NDCA. Smart Mobile argues that Apple has presented "no evidence" that engineers from Qualcomm and Broadcom, the suppliers of the Wi-Fi and baseband chipsets in

most of the accused Apple products, are located within NDCA's subpoena power. That is not correct. Apple's declarants expressly stated that the Broadcom and Qualcomm employees with whom Apple's engineers interact are located in California, and thus should be within the NDCA's subpoena power. Vashi Decl. (Dkt. 64-3), ¶ 6; Rollins Decl. (Dkt. 29-1), ¶¶ 15-16.

Smart Mobile also makes the unsupported claim that "many" Intel engineers who worked on the development of the XMM 7660 modem used in the accused products are located in this District. Opp. at 6. Smart Mobile's evidence shows that *only one* individual with knowledge of the development of the XMM7660 modem—Dr. Gantala—resides in this District. Opp. at 6-7. And while Dr. Gantala is knowledgeable about the XMM 7660 modem, it remains unclear whether he is sufficiently knowledgeable about the accused MIMO functionality to make him a relevant witness with unique knowledge not already available through Apple's witnesses. *Id.; see also* Vashi Decl. (Dkt. 64-3). Smart Mobile also identifies another former Intel employee, Chris LaRosa, but provides no evidence as to where Mr. LaRosa resides. Moreover, the XMM 7660 relates to only 1 of 6 accused functionalities (MIMO) and was in only 4 of the 60 accused products (*id*. & Ex. 1004 (Dkt. 96-6)), and those 4 products are accused for only 2 of the 13 asserted patents *(id*. & Ex. 1003 (Dkt. 96-5)). The presence of one potential third-party witness in this District does not outweigh the third-party witnesses in California or the fact that there is not a single relevant Apple witness in this District. *See Speir Techs. Ltd. v. Apple Inc.*, 2022 WL 17945398, at *4 (W.D. Tex. Dec. 15, 2022).

Smart Mobile also argues that the two inventors, and sole members of Smart Mobile, are located in this District. Opp. at 5. But as Smart Mobile readily admits, compulsory process for these two witnesses is not necessary (*id.*), which is consistent with Smart Mobile's 30(b)(6) testimony (provided by Sunil Rao) that they both would be willing to testify at trial anywhere "as

long as it's in the United States of America." Huang Decl. Ex. 2 at 97:10-17.

C.    **The attendance of willing witnesses strongly favors transfer**.

Smart Mobile does not dispute that there are 12 likely Apple witnesses located in NDCA. *See* Mot. at 3-4, Dkts. 64-6, 64-7, 64-8 (Suppl. to Mot.). Instead, Smart Mobile argues that the inconvenience to its three witnesses outweighs the inconvenience to Apple's witnesses because Apple is a "multi-billion dollar company." Opp. at 8. Apple's size, however, is irrelevant to the transfer decision. *See* Mot. at 11 (citing cases); *see also Speir Techs.*, 2022 WL 17945398, at *2.

Smart Mobile also argues that transfer "would impose relatively greater cost and inconvenience upon Smart Mobile's witnesses." Opp. at 8. Putting aside that Smart Mobile has, at best, an ephemeral presence in this District (*see* Sect. 3.B., *infra*), Smart Mobile also ignores three key facts: (1) Mr. Sunil Rao testified that he would be willing to attend trial in NDCA, and he has two minor children in NDCA (Huang Decl. Ex. 2 at 30:5-9, 110:16-22, 97:10-17); (2) Mr. Sanjay Rao travels regularly to NDCA (*id*. at 23:1-21); and (3) Mr. Heye, to the extent he was even relevant to this action, no longer works for Smart Mobile (Dkt. 100). While Smart Mobile's witnesses can fly direct from Austin or Dallas to NDCA, the converse is not true of Apple's witnesses, who must fly to Dallas first and then drive another 1.5 hours to Waco. Mot. at 11. The fact is that the vast majority of likely witnesses—at least 12—are located in NDCA. This factor therefore strongly favors transfer. Mot. at 12 (citing cases); *see also WAG Acquisition*, 2022 WL 9544373, at *8; *In re Apple Inc.*, 2022 WL 1676400, at *2 (Fed. Cir. May 26, 2022).

D.    **The "other practical problems" factor is neutral or slightly favors transfer**.

Smart Mobile relies on its parallel lawsuit against Samsung in this District, asserting 11 of the same patents. Opp. at 9. But the mere filing of a parallel lawsuit does not weigh against transfer. Mot. at 13 (citing cases). And Samsung has also sought transfer to NDCA.

4

### III.    THE PUBLIC INTEREST FACTORS FAVOR TRANSFER TO NDCA

#### A.    Administrative difficulties do not weigh against transfer to NDCA.

Smart Mobile argues that the time to trial will be slightly quicker in this District than

NDCA. Opp. at 10; *see also id*. at Ex. 1006. The speed of disposition, however, should not alone

outweigh the several factors favoring transfer. Mot. at 14.

#### B.    The local interest factor strongly favors transfer to NDCA.

Contrary to Smart Mobile's claim, the local interest in WDTX is not equal to NDCA.

Smart Mobile claims that NDCA's interest in the case is diminished because the accused MIMO

functionality was implemented in chipsets or modems supplied by third parties Broadcom,

Qualcomm, and Intel. But both Qualcomm and Broadcom are based in California. And Intel's

cellular modem was used in only 4 of the 60 accused products and relates to only one accused

functionality. There is no reasonable dispute that the design and development work for the vast

majority of the accused functionalities and products was conducted in NDCA by Apple.

Smart Mobile also argues that Samsung manufactured certain of the CPU/SoCs for the

accused products in this District, and that Qorvo supplied wafers used for filters and power

amplifiers in some of the accused products, thus affording this District a local interest in this

case. Opp. at 13. As a general matter, manufacturers of components of the accused products are

irrelevant to the transfer analysis. *See, e.g. Speir Techs.*, 2022 WL 17945398, at *5. Even if

Samsung and Qorvo were relevant to this case, Smart Mobile misrepresents the extent of their

involvement. Samsung years ago manufactured a limited set of wafers for only certain

CPU/SoCs in this District. Opp., Ex. 1008 (Dkt. 96-10) at 6. Smart Mobile also points to the fact

that Qorvo supplied filters, power amplifiers, and tuners for the accused products. Opp. at 13.

Smart Mobile's claim that these components are necessary for the accused functionalities is

baseless. Regardless, it is only "the wafers for the filters or for PA [power amplifier] dye [that] is manufactured in Texas." Opp., Ex. 1009 (Dkt. 96-11) at 17:17-18:4. The finished Qorvo products are made in China (*id*. at 18:12-15), and Qorvo's design team is located in Oregon and North Carolina (*id*. at 19:8-15). To the extent Samsung's and Qorvo's activities have any relevance to the local interest factor, the impact of those activities is minimal, and is certainly far outweighed by the relevant activities of Apple and third parties in California and NDCA.

Finally, Smart Mobile contends that this District has a strong local interest in this case because two of its witnesses reside here. Opp. at 14 (citing *Defense Distributed*, 30 F.4th 414 (5th Cir. 2022) and *Jawbone Innovations*, 2022 WL 12078627 (W.D. Tex. Oct. 20, 2022)). Unlike *Defense Distributed*, where "Texas citizens [were] targets of [] litigation in Texas," Messrs. Sunil and Sanjay Rao moved from NDCA to Austin immediately prior to the filing of the complaint, in June 2021. Huang Decl. Ex. 2 at 18:12-14, 22:19-22, 26:1-5, 26:16-19. And their purported primary "residential office" is the one-bedroom apartment they share in Austin. *Id*. at 98:4-18, 103:24-104:12, 114:13-19. As to the *Jawbone* decision Smart Mobile cites, Smart Mobile fails to mention that the Federal Circuit has since found that the plaintiff, which "established an office in Waco….just one month before it filed suit" and "conducts no activities from Texas that relate to the accused technology," "has no meaningful presence in [WDTX] that should be given significant, let alone, comparable weight to the facts tying the litigation to the California forum, where both the patented and accused technology were developed." *In re Google LLC*, No. 2023-101, 2023 WL 1425780, at *4 (Fed. Cir. Feb. 1, 2023). The same rationale applies here.

## IV.   CONCLUSION

For these reasons and those in Apple's opening brief, Apple's motion should be granted.

Dated:  February 23, 2023

Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@us.dlapiper.com

Mark D. Fowler (*pro hac vice*)
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, California 94303-2250
Tel: 650.833.2000
Fax: 650.833.2001
mark.fowler@us.dlapiper.com

Tiffany C. Miller (*pro hac vice*)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701
tiffany.miller@us.dlapiper.com

Michael D. Jay (*pro hac vice*)
Nandan R. Padmanabhan (*pro hac vice*)
Martin M. Ellison (*pro hac vice*)
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA  90067
Tel:  310.595.3000
Fax:  310.595.3300
michael.jay@us.dlapiper.com
nandan.padmanabhan@us.dlapiper.com
martin.ellison@us.dlapiper.com

Joel Chao-lee Lin (*pro hac vice*)
DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Tel:  212.335.4500

7

Fax:  212.335.4501
joel.lin@us.dlapiper.com

ATTORNEYS FOR DEFENDANT
APPLE INC.

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on February 23, 2022, pursuant to Local Rule CV-5(a) and has been served on all counsel whom have consented to electronic service via electronic mail.  Any other counsel of record will be served by first class U.S. mail on this same date.

/s/ John M. Guaragna
John M. Guaragna