IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SMART MOBILE TECHNOLOGIES LLC,**<br>    **Plaintiff,**<br><br>  *v.*<br><br>**APPLE INC.,**<br>    **Defendant.** | **6:21-cv-00603-ADA** |
| **SMART MOBILE TECHNOLOGIES LLC,**<br>    **Plaintiff,**<br><br>  v.<br><br>**SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,**<br>    **Defendants.** | **6:21-CV-00701-ADA** |

**ORDER DENYING DEFENDANTS' OPPOSED MOTION
TO STAY PENDING *INTER PARTES* REVIEW**

Before the Court is Defendants Apple Inc. ("Apple"), Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.'s (collectively, "Samsung") Opposed Motion to Stay Pending Resolution of *Inter Partes* Review of the Asserted Patents filed on February 17, 2023 (the "Motion"). Case No. 6:21-cv-603, ECF No. 99; Case No. 6:21-cv-701, ECF No. 88. Plaintiff Smart Mobile Technologies LLC ("Smart Mobile") filed an opposition to this Motion on March 3, 2023. Case No. 6:21-cv-603, ECF No. 110; Case No. 6:21-cv-701, ECF No. 96. Defendants filed a reply in support of their Motion on March 10, 2023. Case No. 6:21-cv-603, ECF No. 111; Case No.

1

6:21-cv-701, ECF No. 97.[1] After careful consideration of the Motion, the parties' briefing, and the applicable law, the Court **DENIES** Defendants' Opposed Motion to Stay Pending Resolution of *Inter Partes* Review of the Asserted Patents.

## I. BACKGROUND

Smart Mobile filed suit against Apple on June 11, 2021. Case No. 6:21-cv-603, ECF No. 1. In its case against Apple, Smart Mobile alleges that Apple infringes U.S. Patent Nos. 8,442,501 (the "'501 patent"), 8,472,936 (the "'936 patent"), 9,472,937 (the "'937 patent"), 8,761,739 (the "'739 patent"), 8,824,434 (the "'434 patent"), 8,842,653 (the "'653 patent"), 8,982,863 (the "'863 patent"), 9,019,946 (the "'946 patent"), 9,049,119 (the "'119 patent"), 9,191,083 (the "'083 patent"), 9,319,075 (the "'075 patent"), 9,614,943 (the "'943 patent"), and 9,756,168 (the "'168 patent") (collectively, the "Apple asserted patents"). *Id.* ¶ 1−15. Smart Mobile filed suit against Samsung on July 1, 2021. Case No. 6:21-cv-701, ECF No. 1. Smart Mobile alleges that Samsung infringes the '501, '936, '937, '739, '434, '653, '946, '119, '083, '943, and '168 patents and U.S. Patent No. 9,084,291 (the "'291 patent") (collectively, the "Samsung asserted patents"). *Id.* ¶ 1−14.

On April 5, 2022, Apple and Samsung filed a petition to the Patent Trial and Appeal Board ("PTAB") for *Inter Partes* Review ("IPR") of the '434 patent; IPR was instituted on October 26, 2022. ECF No. 99 at 3; ECF No. 99-6. On April 6, 2022, Apple and Samsung filed an IPR petition for the '501 patent, which was instituted on September 29, 2022. ECF No. 99 at 3; ECF No. 99-3. Also on April 6, 2022, Apple and Samsung filed an IPR petition for the '168 patent, which was instituted on October 25, 2022. ECF No. 99 at 3; ECF No. 99-5. On May 9, 2022, Apple and Samsung filed IPR petitions for the '119, '739, '936, and '937 patents; all four IPRs were instituted

---

[1] All subsequent citations to the briefing refer to the filing numbers in *Smart Mobile Techs. v. Apple Inc.*, Case No. 6:21-cv-603, unless the citation states otherwise.

on December 5, 2022. ECF No. 99 at 3; ECF Nos. 99-9, 99-10, 99-11, 99-13. On May 19, 2022, Apple and Samsung filed an IPR petition for the '943 patent, which was instituted on December 5, 2022. ECF No. 99 at 3; ECF No. 99-7. On May 23, 2022, Apple and Samsung filed IPR petitions for the '291 and '083 patents; IPRs on both patents were instituted on December 5, 2022. ECF No. 99 at 3; ECF Nos. 99-7, 99-12. On July 1, 2022, Apple and Samsung filed an IPR petition for the '863 patent, which was instituted on January 24, 2023. ECF No. 99 at 3−4; ECF No. 99-16. On July 6, 2022, Samsung and Apple filed IPR petitions for the '653 and '946 patents, which were both instituted on January 24, 2023. ECF No. 99 at 3−4; ECF Nos. 99-14, 99-15. Also on July 6, 2022, Apple filed an IPR petition for the '075 patent. ECF No. 99 at 3. The PTAB denied institution on the '075 patent on January 30, 2023. ECF No. 99-4.

The *Markman* hearing for these cases is scheduled for August 17, 2023, ECF No. 125, and fact discovery opens on August 25, 2023, ECF No. 127. On February 17, 2023, Apple and Samsung filed the instant Motion seeking a stay of these actions pending final resolution of the IPR proceedings. ECF No. 99. The PTAB is expected to issue final written decisions ("FWDs") on IPRs on or before January 31, 2024. *Id.* at 4. And this Court, in accordance with its default scheduling order, has set trial for November 7, 2024. ECF No. 127.

## II. LEGAL STANDARD

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015); *see also CyWee Grp. Ltd. V.*

*Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.).

### III. ANALYSIS

A.  **Undue Prejudice to the Non-moving Party**

The Court finds that a stay would inflict undue prejudice upon non-movant Smart Mobile for at least the following two reasons.

First, a stay risks the loss of testimonial and documentary evidence potentially valuable to Smart Mobile's case. *See Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay of ten months would "create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade"); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) (holding that delay also risks making witnesses harder to find).

Some factors may diminish this risk, like where the requested stay is of a brief and definite duration. Defendants do not clearly state whether they request the stay to extend to the conclusion of the appeals of all thirteen IPRs. ECF No. 99-21. If the requested stay extends to the conclusion of any appeals from the thirteen IPRs, the stay will almost certainly drag on for the better part of a year *after* the FWDs. *See Multimedia Content Mgmt. LLC v. Dish Network*, No. 6:18-CV-00207-ADA, 2019 U.S. Dist. LEXIS 236670, at *5 (W.D. Tex. May 30, 2019) (noting the length of appeal and the statutory scheme's provision for delaying a FWD by six months if necessary).

The risk is less pronounced where the proceeding-to-be-stayed and the parallel proceeding implicate discovery of a similar scope and evidence in the latter can later be used in the former. *Cf. Kirsch Research & Dev., LLC v. BlueLinx Corp.*, No. 6:20-cv-00316-ADA, 2021 U.S. Dist.

4

LEXIS 191694, at *12 (W.D. Tex. Oct. 4, 2021) (suggesting that a manufacturer suit may preserve evidence relevant to a customer's suit). These factors are typically not implicated in motions to stay pending IPR because IPRs have limited scope—only patentability based on published prior art—and even more limited discovery. *See* 35 U.S.C. § 311(b) (providing the limited scope of patentability challenges in an IPR petition); 37 C.F.R. § 42.51 (providing the limited scope of discovery in IPR proceedings).

The second reason a stay may unduly prejudice Smart Mobile is that Smart Mobile, like all patentees, has an interest in the timely enforcement of its patent rights. *See Kirsch Research & Dev., LLC v. Tarco Specialty Products, Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021) (citing *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015)). The Federal Circuit has long held that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *see also United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008) ("[T]he compensation and remedy due a civil plaintiff should not be delayed." (quoting *Gordon v. FDIC*, 427 F.2d 578, 580 (D.C. Cir. 1970))). Congress has recognized as much, establishing the PTAB to provide a forum for the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). The impact of this interest is diminished here because: (1) the PTAB is expected to issue the FWDs before this Court is scheduled to try this case; and (2) a stay "would merely delay Plaintiff's potential monetary recovery."[2] *Kirsch*

---

[2] Smart Mobile's Complaint states that it seeks injunctive relief. ECF No. 1 ¶ 16. However, Smart Mobile has not moved for a preliminary injunction, and it does not presently sell any commercial products. The Court also notes that seeking only monetary relief does not mean that a stay would not prejudice a plaintiff whatsoever.

*Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021).

Given the foregoing, this factor slightly weighs against granting a stay.

### B.   Stage of the Proceedings

The stage of these actions weighs slightly against granting a stay. "[I]f protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 595 (2014). Here, the Court has overseen venue discovery in this case. ECF Nos. 41, 59, 74. The *Markman* hearing is set for August 17, 2023, and the parties have completed claim construction briefing. ECF Nos. 125, 46−48, 66−68, 79−81, 87−89, 114, 115, 117. Trial has been set for November 7, 2024. ECF No. 127.

Given the foregoing, this factor weighs slightly against granting a stay.

### C.   Simplification of Issues

Finally, the Court considers whether a stay will simplify the issues in these actions. This is the "most important factor" in the stay analysis. *Tarco*, 2021 WL 4555804, at *3 (citing *NFC Tech.*, 2015 WL 1069111, at *4). Under this factor, the Court will typically weigh: (1) the scope of estoppel the movants are bound by and (2) the strength of the relevant IPR petitions in the context of the asserted claims. As a general matter, the PTAB's suggestion that an IPR petition contains strong grounds for invalidating all the asserted claims, combined with the movant's acceptance of a broad estoppel, suggests that a stay would simplify issues.

1.   <u>Scope of Estoppel Attaching to Apple and Samsung</u>

Section 315(e) of Title 35 subjects IPR petitioners to estoppel once the PTAB issues a FWD. Apple and Samsung will be estopped from asserting in district court that the claims the PTAB subjected to IPR are invalid over the combinations instituted upon *and* any grounds Apple

6

and Samsung reasonably could have asserted against those claims in its IPR petitions. *See Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022). This is a fairly broad estoppel.

      2.   <u>Strength of Apple and Samsung's IPR Petitions</u>

The degree to which these cases will be simplified is a function of not just the scope of estoppel attached to Apple and Samsung, but also how many asserted claims will likely survive the FWDs. The Court notes that not all of the asserted claims in the Apple case are subject to IPR. The PTAB denied institution of Apple's IPR on the '075 patent. ECF No. 99-4. Thus, regardless of the outcome of the IPRs, four asserted claims from the '075 patent will still need to be resolved by this Court. Assuming the thirteen IPRs reach FWDs, there are only three outcomes relevant for our purposes: (1) all the challenged claims fall; (2) all the challenged claims survive; or (3) some of the challenged claims survive.

As to the first outcome, it is undoubtedly true that FWDs judging all the challenged claims unpatentable would dispose of the Samsung Action (assuming Samsung and Apple can defend their victory on appeal). *See Tarco*, 2021 WL 4555804, at *3. But even if Apple and Samsung prevailed on all of the instituted IPRs, the Apple Action would persist because the PTAB did not institute IPR on the asserted '075 patent. As to the second outcome, such a result would narrow the universe of prior art asserted before this Court, but it would still permit Apple and Samsung to take another bite at the invalidity apple. Estoppel under § 315(e) is broad but would not foreclose Apple and Samsung from arguing that the challenged claims are invalid over system prior art or applicant admitted prior art ("AAPA")—maybe even combined with prior art publications used in the IPRs. It is unclear how forcing the defendant to rely on other prior art for its invalidity case constitutes a "simplification" of the invalidity issue as opposed to simply a second chance to invalidate the asserted claims with art that may be better than what the defendant could submit to the PTAB. *See USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6-20-CV-00555-ADA, 2021 WL

6201200, at *2 (W.D. Tex. Aug. 5, 2021). Further, Apple would still be able to challenge the asserted claims of the '075 patent on the entire universe of prior art. *See Intuitive Surgical, Inc. v. Ethicon LLC*, 25 F.4th 1035, 1041 (Fed. Cir. 2022) ("The plain language of § 315(e)(1) is clear that estoppel is triggered when an IPR proceeding results in a final written decision."). It is unlikely, then, that these actions would be much simplified where the IPRs leaves all challenged claims unscathed. The third outcome, in which only some claims survive, is an improvement upon the second in that it would narrow not only the universe of prior art, but also the number of asserted claims. As with the second outcome, it would still permit Apple and Samsung to put on an invalidity case under §§ 102 or 103.

To better gauge what outcome to expect from the FWDs, and therefore what degree of simplification to expect from a stay, the Court looks to the relevant institution decisions. For this factor to favor granting a stay, the movant "must show more than a successful petition, they must show that the PTAB is likely to invalidate every asserted claim." *Tarco*, 2021 WL 4555804, at *3 (quoting *Scorpcast v. Boutique Media*, No. 2:20-cv-00193-JRG-RSP, 2021 WL 3514751, at *3 (E.D. Tex. June 7, 2021)).

Apple and Samsung have eight seemingly strong IPR petitions. The PTAB instituted IPR proceedings against every asserted claim of the '501 patent, including claims 1−3, 5−6, 10, 13, and 16−18. ECF No. 99-3 at 2. For all of the challenged claims, the PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of these claims. *Id.* at 35−37. The PTAB instituted IPR proceedings against every asserted claim of the '168 patent, including claims 2−5, 19−23, 25, 28−29, and 34. ECF No. 99-5 at 2. For all of the challenged claims, the PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of these claims.

8

*Id.* at 29, 33, 35, 38, 40, 42. The PTAB instituted IPR proceedings against every asserted claim of the '434 patent, including claims 1–8. ECF No. 99-6 at 2. For claims 1–8, the PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of these claims. *Id.* at 14, 16, 18, 25. The PTAB instituted IPR proceedings against every asserted claim of the '943 patent, including claims 1–2, 5–9, and 12–20. ECF No. 99-7 at 2. For all of the challenged claims, the PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of these claims. *Id.* at 24, 33–34, 35–36, 41, 45, 49, 60, 67–68, 70. The PTAB instituted IPR proceedings against every asserted claim of the '083 patent, including claims 1, 5–9, 12, and 13–20. ECF No. 99-8 at 2–3. For all of the challenged claims, the PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of these claims. *Id.* at 12. The PTAB instituted IPR proceedings against the sole asserted claim of the '119 patent, claim 20. ECF No. 99-9. The PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of claim 20. *Id.* at 36. The PTAB instituted IPR proceedings against all of the asserted claims of the '291 patent, including claims 1–16. ECF No. 99-12 at 2. For all of the challenged claims, the PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of these claims. *Id.* at 32, 39, 45, 47. The PTAB instituted IPR proceedings against all of the asserted claims of the '863 patent, including claims 1–6, 8–9, 11–12, 14, 19, and 24. ECF No. 99-16 at 2. For all of the challenged claims, the PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of these claims. *Id.* at 17, 21, 23–24, 26, 29.

But a few of Apple and Samsung's IPR petitions have questionable strength because the PTAB did not reach a determination on Apple and Samsung's likelihood of prevailing for all of the asserted claims. The PTAB instituted IPR proceedings against all of the asserted claims of the '739 patent, including claims 1−3, 5−6, 10, 13, and 16−18. ECF No. 99-10 at 2. For independent claim 1, the PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of these claims. *Id.* at 42, 59−60. But for claims 2, 3, 5, 6, 10, 13, and 16−18, the PTAB did not determine whether Apple and Samsung had shown a reasonable likelihood that they would prevail. *Id.* at 42−43, 60. Similarly, the PTAB instituted IPR proceedings against all of the asserted claims of the '936 patent, including claims 1, 8−11, 13, 15, 17, and 19. ECF No. 99-11 at 2. For independent claim 1, the PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of these claims. *Id.* at 37, 56. But for claims, 8−11, 13, 15, 17, and 19, the PTAB did not determine whether Apple and Samsung had shown a reasonable likelihood that they would prevail. *Id.* The PTAB instituted IPR proceedings against all of the asserted patents of the '937 patent, including claims 1−3, 5−6, 10, 13, and 16−18. ECF No. 99-13 at 2. For independent claim 1, the PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of these claims. *Id.* at 31−32, 49. But for claims 2−3, 5-6, 10, 13, and 16−18, the PTAB did not determine whether Apple and Samsung had shown a reasonable likelihood that they would prevail. *Id.* at 32, 49.

And not all of Apple and Samsung's IPR petitions fared well. The PTAB denied IPR proceedings for the '075 patent. ECF No. 99-4. The PTAB concluded that Apple had failed to demonstrate a reasonable likelihood of showing unpatentability of at least one of the challenged claims. *Id.* at 2. The PTAB instituted IPR proceedings for all of the asserted claims of the '653

patent, including claims 1−21, and 23–30. ECF No. 99-14. For independent claims 14 and 17 and dependent claims 16, 18−21, and 23−26, the PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of these claims. *Id.* at 37, 39−40, 45, 48, 51. But for independent claims 1 and 27 and dependent claims 2−13 and 28−30, the PTAB determined that Apple and Samsung had *failed* to show a reasonable likelihood that they will prove the unpatentability of these claims. *Id.* at 25−35, 49−50, 55−57. The PTAB did not reach a determination for dependent claim 15. *Id.* at 47. The PTAB instituted IPR proceedings for all of the asserted claims of the '946 patent, including asserted claims 1−21 and 26−30. ECF No. 99-15 at 2. For independent claims 14, 17, and 27 and dependent claims 15, 18−21, 26, and 28−30, the PTAB determined that Apple and Samsung had shown a reasonable likelihood that they would prevail in establishing the unpatentability of these claims. *Id.* at 27−28, 41−42. But for independent claim 1 and dependent claims 2−13 and 16, the PTAB determined that Apple and Samsung had *failed* to show a reasonable likelihood that they would prove the unpatentability of these claims. *Id.* at 38−39, 43, 45.

The Court finds that the strength of the IPR petition in this case is closer to *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *5 (W.D. Tex. June 27, 2022) than to *Tarco*, 2021 WL 4555804, at *3. In the latter, the Court granted a stay based in part on the institution decisions "explicitly f[inding] a reasonable likelihood that the two asserted claims were both invalid on four distinct grounds each," and the existence of two other pre-institution IPR petitions pending against the asserted claims. *Tarco*, 2021 WL 4555804, at *3. In the former, the Court denied a stay in part because the institution decision provided little analysis and explicitly stated that the petition established a reasonable likelihood it would prevail in rendering one independent claim obvious on one ground while omitting similar statements from

11

its evaluation of other grounds and other independent claims. *LG*, 2022 WL 2307475, at *5. Here, the PTAB denied institution on one of the asserted patents. *See* ECF No. 99-4. Thus, regardless of the outcome of the IPRs, the Apple Action will not be resolved. Further, the PTAB declined to determine whether Apple and Samsung had shown a reasonable likelihood that they would prevail on a portion of the asserted patents. *See* ECF Nos. 99-10, 99-11, 99-13. And the PTAB explicitly stated that Apple and Samsung had *not* met their burden with respect to certain independent and dependent claims of the '653 and '946 patents. *See* ECF No. 99-14 and 99-15. Even more so than the IPR in *Sonrai*, the IPR proceedings in this case leave open the possibility that the issues will not be greatly simplified.

Because of the weakness of some of the IPR petitions and the PTAB's denial of institution for IPR proceedings on the '075 patent, the Court finds that this factor weighs only slightly in favor of granting a stay.

### IV. CONCLUSION

The Court finds that the simplification-of-issues factor weighs slightly in favor of a stay and the other two factors weigh slightly against a stay. The PTAB will issue its FWDs before these cases make it to trial, which diminishes the prejudice that Smart Mobile faces. But the PTAB's institution decisions indicate that some of the challenged claims will not be found unpatentable. And the PTAB denied institution as to one of the asserted patents in the Apple Action. Thus, regardless of the outcome of the IPRs, the FWDs will not resolve the Apple Action and they are unlikely to resolve the entirety of the Samsung Action.

For the foregoing reasons, the Court will exercise its discretion to **DENY** Apple and Samsung's Opposed Motion to Stay Pending Resolution of *Inter Partes* Review of the Asserted Patents.

**SIGNED** this 8th day of August, 2023.

                                              ALAN D ALBRIGHT
                                              UNITED STATES DISTRICT JUDGE